IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01229-BNB

DARIUS E. WARD,

    Plaintiff,

v.

SHERIFF GREYSON ROBINSON,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Darius E. Ward, currently is detained at the Arapahoe County Detention Facility in Centennial, Colorado.  He filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 for money damages and declaratory and injunctive relief.  Mr. Ward has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without an initial partial filing fee.

    The Court must construe Mr. Ward's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Ward will be directed to file an amended complaint.

    The Court has reviewed Mr. Ward's complaint, and finds that he fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rather, Mr. Ward resorts to a recitation

of conditions of confinement with which he disagrees. Mr. Ward's conditions-of-confinement claims fail to focus solely on how he has been injured, and instead are filled with broad allegations concerning prisoners in general. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Ward, in his broad allegations concerning prisoners in general, fails to demonstrate any actual or threatened injury as a result of the conditions of his confinement, he lacks standing to assert claims concerning those conditions. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

The amended complaint Mr. Ward will be directed to file must comply with the Rule 8 pleading requirements. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Ward must provide "a generalized statement of the facts from which the defendant[s] may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In the amended complaint he will be directed to file, Mr. Ward also must assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Ward must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Sheriff Greyson Robinson, may not be held liable on a theory of respondeat superior merely because of his or her

supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Ward may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Ward uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court will give Mr. Ward an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that meets the requirements of Fed. R. Civ. P. 8.  The amended complaint must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Accordingly, it is

ORDERED that Plaintiff, Darius E. Ward, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Ward shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that, if Mr. Ward fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and the action without further notice.

DATED June 6, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge